IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

BRIAN FOLKS,

          Plaintiff,

   vs.                                 Civ. Action No.
                                       9:05-CV-1172 (LEK/DEP)

K. ANDERSON, et al.,

          Defendants.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

**[last known address]**
BRIAN FOLKS, pro se
Marcy, New York

FOR DEFENDANTS:

OFFICE OF NYS ATTORNEY GENERAL    SENTA B. SIUDA, ESQ.
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

REPORT AND RECOMMENDATION

      This civil rights action was commenced by the plaintiff on September 16, 2005. On March 21, 2006, a notice was sent to the plaintiff, advising him that the court has received a partial filing fee in the amount of $18.11. See docket annotation entered on March 21, 2006. That notice, which

was mailed to plaintiff's last known residence, was returned to the court on March 23, 2006 as undeliverable. See Dkt. No. 25.

On June 6, 2006, the clerk's office filed a pretrial scheduling order issued by me in the action; that order was thereafter sent to the plaintiff by regular mail. Once again that order, which was mailed to plaintiff's last known residence, was returned to the court on June 12, 2006 as undeliverable to plaintiff, with the handwritten notation "paroled" on the envelope, apparently placed there by a staff member at Marcy Correctional Facility. See Dkt. No. 27.

According to the New York State Department of Correctional Services ("DOCS") website, the plaintiff was released from custody to parole supervision on February 17, 2006. Despite this change of circumstances, plaintiff has failed to notify the court and defendant's counsel of his new address.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to

achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).

Under this court's rules, an unrepresented litigant is under a duty to inform the court of any address changes. As then-District Judge Pooler has stated,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b). Plaintiff was specifically reminded of this obligation by my order dated September 19, 2005, advising that he was required to promptly notify the clerk's office of any change in his address, and that his failure to keep such office apprised of his current address would result in the

dismissal of the instant action.  See Dkt. No. 6 at page 4.

Obviously, this matter cannot proceed without notification to the Court by the plaintiff of his current address.  Since plaintiff has failed to fulfill his obligation to provide such notification, it is hereby

RECOMMENDED, that this action be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon plaintiff's failure to prosecute and to comply with this court's orders and local rules of practice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993).

It if further ORDERED that the Clerk serve a copy of this report and recommendation on the plaintiff at his last known address by regular mail, and upon defendant's counsel electronically.

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge

Dated: October 16, 2006
       Syracuse, New York